IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION FUND, ET AL., | CIVIL NO. 20-00072 JAO-WRP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PACIFIC RIM TILE AND STONE LLC |
| vs. | |
| PACIFIC RIM TILE AND STONE LLC, ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT PACIFIC RIM TILE AND STONE LLC

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant Pacific Rim Tile and Stone LLC, filed on May 14, 2020 (Motion). See ECF No. 12. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 13. The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

BACKGROUND

According to the Complaint, Defendant Pacific Rim Tile and Stone LLC entered into an agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant (Agreement).  See ECF No. 1 ¶¶ 10-25.  Plaintiffs claim that Defendant failed to submit the required monthly paperwork and failed to make the required contributions starting in May 2019.  See id. ¶¶ 11, 20-22.  Plaintiffs request an order directing Defendant to provide the required documentation to Plaintiffs and an award for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.  See id. at 11-13.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on April 14, 2020.  See ECF No. 10.  The present Motion followed.

DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their

merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims under the Employee Retirement Income Security Act. See 29 U.S.C. §§ 1401(b)(1). The Court has personal jurisdiction over Defendant because Plaintiffs allege that Defendant is a Hawaii entity and that Defendant was properly served. See ECF Nos. 6, 9.

### B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits.

Id. at 1471-72 (the Eitel factors).

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2. Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiffs' Complaint, taken as

4

true, establish that Plaintiffs are entitled to default judgment against Defendants.

First, Plaintiffs assert claims against Defendant for unpaid contributions, interest, liquidated damages, and attorneys' fees owed to Plaintiffs under the terms of the Agreement. See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1 ¶¶ 10-22. Plaintiffs allege that the terms of the Agreement require Defendant to pay to Plaintiffs certain contributions based on work performed by Defendant's covered employees. See ECF No. 1 ¶ 17. Plaintiffs allege that the terms of the Agreement also provide that if Defendant fails to pay the required contributions, Defendant is required to pay interest, liquidated damages, and attorneys' fees and costs. See id. ¶¶ 18-19.

After considering the allegations in the Complaint, this factor weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs seek $224,622.74 in unpaid

contributions, $17,966.86 in interest, $22,521.77 for liquidated damages, and $4,105.36 in attorneys' fees and costs.  See ECF No. 12-1 at 6-10.  Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay the required contributions.  The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Defendant's default was not the result of any excusable neglect, but rather due to its conscious and willful decision not to defend this action.  Defendant failed to defend this action and default was entered against it.  See ECF No. 10.  This factor too favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  PepsiCo., Inc., 238 F.

Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the Eitel factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

### C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Plaintiffs request the following monetary damages: $224,622.74 in unpaid contributions, $17,966.86 in interest, $22,521.77 for liquidated damages, and $4,105.36 in attorneys' fees and costs.  See ECF No. 12-1 at 6-10.  Each category of requested relief is addressed below.

### 1.  Unpaid Contributions

Plaintiffs contend that Defendant owes delinquent contributions in the

amount of $224,622.74. See ECF No. 12-1 at 6-7. Plaintiffs submitted a declaration from their administrator and a summary ledger reflecting the balances due. See ECF Nos. 12-2, 12-8. The summary submitted by Plaintiffs reflect $224,622.74 in outstanding contributions. See ECF No. 12-8. The Court finds Plaintiffs have established damages in the amount of $224,622.74 for delinquent contributions.

### 2. Interest

Here, Plaintiffs seek $17,966.86 in interest. See ECF No. 12-1 at 7-8. Under the terms of the Agreement, Plaintiffs are entitled to recover interest from Defendant at the rate of twelve percent on any unpaid trust fund contributions. See ECF No. 1 ¶ 18; ECF No. 12-6 at 35. The documentation provided by Plaintiffs show interest in the amount requested. See ECF No. 12-8. Accordingly, the Court finds that Plaintiffs have established damages in the amounts of $17,966.86 in interest.

### 3. Liquidated Damages

Plaintiffs next seek liquidated damages of $22,521.77 for liquidated damages. See ECF No. 12-1 at 8-9. Under the terms of the Agreement, Plaintiffs are entitled to recover liquidated damages. See ECF No. 1 ¶ 19; ECF No. 12-6 at 36. The summary submitted by Plaintiffs reflects $22,521.77 owed in liquidated damages. See ECF No. 12-8. The Court finds Plaintiffs have established damages in the amount of $22,521.77 for liquidated damages.

### 4. Attorneys' Fees and Costs

Plaintiffs seek $4,105.36 in attorneys' fees and costs. See ECF No. 12-1 at 9-10. An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. The Agreement requires Defendant to pay "reasonable attorneys' fees and costs" and "all other reasonable expenses incurred" related to collection of delinquent contributions. See ECF No. 12-6 at 36. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

Here, Plaintiffs request $3,573.29 for attorneys' fees and taxes and $532.07 in costs. See ECF No. 12-1 at 9-10. First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that the hours requested are reasonable. See ECF No. 12-9. Second, regarding the reasonable hourly rates, Jared N. Kawashima, Esq. has over twenty years of experience and requests $300 per hour; Christin D. Kawada, Esq. has over five years of experience and requests $225 per hour. See ECF No. 12-4 at 2-3. Based on the information provided by counsel, the Court's knowledge of the community's prevailing rates, and the nature of the underlying litigation, the Court finds that the hourly rates requested are reasonable. Accordingly, the Court finds that the requested attorneys' fees and

taxes of $3,573.29 are reasonable.  Plaintiffs also requests $532.07 in costs for copying, postage, server fees, and filing fees.  See ECF No. 12-4 at 2.  The Court finds that the costs requested by Plaintiffs are reasonable.  In total, the Court recommends that the district court award $4,105.36 in attorneys' fees, costs, and taxes.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment against Defendant Pacific Rim Tile and Stone LLC be GRANTED as follows:  (1) GRANT Plaintiffs' request for default judgment against Defendant Pacific Rim Tile and Stone LLC; and (2) AWARD Plaintiffs damages in the amount of $224,622.74 in unpaid contributions, $17,966.86 in interest, $22,521.77 for liquidated damages, and $4,105.36 in attorneys' fees and costs against Defendant Pacific Rim Tile and Stone LLC.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 10, 2020.



Wes Reber Porter
United States Magistrate Judge

**HAWAII MASONS' PENSION FUND, ET AL. V. PACIFIC RIM TILE AND STONE LLC; CIVIL NO. 20-00072 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PACIFIC RIM TILE AND STONE LLC**